IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 08-161-02 |
| ANDREW WHITE | : | |

**GOVERNMENT'S RESPONSE TO POST-CONVICTION MOTIONS**

The defendant, Andrew White, having been convicted of conspiracy to interfere with interstate commerce by robbery, interference with interstate commerce by robbery, using or carrying a firearm during a crime of violence, and three counts of attempted witness tampering, now seeks a judgment of acquittal pursuant to Fed.R.Crim.P. 29, a new trial pursuant to Fed.R.Crim.P.33, or a motion for arrest of judgment pursuant to Fed.R.CrimP.34.  All of the bases for relief cited by the defendant fail.  He is not entitled to a judgment of acquittal, new trial or arrest of judgment, his conviction must stand, and this matter may proceed to sentencing.

**I.      MOTIONS FOR JUDGMENT OF ACQUITTAL MUST BE DENIED**

A.      Hobbs Act jurisdiction was proved.

Defendant's motions for judgment of acquittal and for arrest of judgment are based, in part, upon an allegation that the defendant's actions did not affect interstate commerce.  This is a baseless claim.

The interstate nexus element of the conspiracy and robbery charge requires the government to prove that the natural consequences of the crime potentially caused an effect on interstate commerce to any degree, however minimal or slight.  United States v. Urban, 404 F.3d

1

754 (3d Cir. 2005).  In fact, proof of a "potential" effect is all that is required.  <u>Urban</u>, 404 F.3d at 764-65; <u>United States v. Haywood</u>, 363 F.3d 200, 209-210 (3d Cir. 2004).  Title 18, United States Code, Section 1951, is written in expansive terms, applying to any person who "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so . . ."  Thus, it has long been recognized that in enacting the Hobbs Act, Congress aimed to use its full constitutional power to prevent any obstruction of or interference with interstate commerce. As interpreted by the United States Supreme Court, the statute is intended to "use all the constitutional power Congress has to punish interference with interstate commerce . . . ." <u>Stirone v. United States</u>, 361 U.S. 212, 215 (1960). The Hobbs Act is "intended to protect commerce from any and all forms of effects, whether they are direct or indirect, actual or potential, beneficial or adverse." <u>United States v. Kaplan</u>, 171 F.3d 1351, 1357 (11th Cir. 1999).

       The Third Circuit has consistently held, along with all other federal courts, that the required impact on interstate commerce may be "de minimis," and that such a "de minimis effect" need only be potential. <u>United States v. Urban</u>, 404 F.3d at 766, fn3 ("[t]he majority of our sister circuits have endorsed the "potential" effect reading of the Hobbs Act's affect on commerce requirement."). The actual and potential effect on the 'speakeasy' business being operated at 3060 N. 8th Street, the home robbed by the defendant, is more than clear.  The speakeasy sold items, specifically liquor, that traveled in, and affected, interstate commerce. Transcript, 9/10/09, pp. 89-90; 9/11/09, pp. 160-61.  While customers of the business were present, business activity was interrupted by this robbery.  At least one customer never returned to the speakeasy as a result of the robbery. Transcript, 9/9/09, p. 189.  The robberies were

committed in the business, and were attempted because the robbers believed that money or drugs related to the business were present.

In <u>United States v. Vega Molina</u>, 407 F.3d 511, 527 (1st Cir. 2005), the defendant claimed "that the government failed to prove any effect on commerce because the perpetrators only took money from FE's employees, not from the business itself. This argument in [sic] specious. It conveniently overlooks the profound effect that the robbery, murders, and kidnaping had on FE's business. The commission of a violent crime in the workplace inevitably will constitute a wrenching, if unquantifiable, blow to morale and productivity." The same is clearly true in the instant case. The impact of the crime was evident on the business and its customers, and to that extent, the robbery had an impact on the interstate commerce engaged in by the speakeasy through the purchase of alcohol that traveled across state lines. <u>See also</u> <u>United States v. Rutherford</u>, (3d Cir. June 26, 2007) (not precedential) (robbery of doctor's office where only personal proceeds of employees taken established jurisdiction; "even though the cancelled patient appointments apparently were rescheduled, these cancellations constitute, at minimum, a potential effect on interstate commerce and an obstruction of interstate commerce. The Hobbs Act requires no more."); <u>United States v. Angelo</u>, 87 Fed. Appx. 205, 206-07 (2nd Cir. 2004) (not precedential) (robbery of patrons in a laundromat and attempt to rob "coin girl" who did not have any money sufficient for Hobbs Act jurisdiction).

  B. <u>Attempted intimidation jurisdiction was proved</u>.

The defendant claims that the government failed to provide that the defendant attempted to threaten a witness in an official federal proceeding. However, "proving a violation of 18 U.S.C. § 1512(b)(3) does not depend on the existence or imminency of a federal investigation but

rather on the possible existence of a federal crime and a defendant's intention to thwart an inquiry into that crime by officials who happen to be federal." United States v. Guadalupe, 402 F.3d 409, 411 (3d Cir. 2005).  This element of the defendant's intention to thwart a federal inquiry may be inferred from the evidence in the case.  See United States v. Stansfield, 101 F.3d 909, 918 (3d Cir. 1996) .

There is clear evidence from the record in this case that the defendant knew federal authorities were examining his conduct.  In a phone call in which both he and Glorious Shavers spoke to Jermel Lewis as well as other men, they discussed the fact that "feds" were involved with their arrest and were conducting searches in their neighborhood in response to their criminal conduct.  See Government Exhibit 111 transcript, page 4, lines 3-4.  This is a sufficient basis on which he may have inferred the federal inquiry which in fact resulted.

## II.     MOTION FOR NEW TRIAL IS WITHOUT MERIT

The defendant seeks a new trial based upon this Court's failure to grant a mistrial after Sheronda Gaskin testified that she was fearful because "G Bucks [Glorious Shavers] is a killer." Transcript, Sept. 11, 2009, 138.  This Court found that the prejudice of the statement did not deny any of the defendants a fair trial in consideration of the totality of the circumstances, and issued a thorough cautionary instruction to the jury advising them to completely disregard the testimony.  This determination was in the proper discretion of this Court and sufficiently protected the rights of all the defendants to a fair trial, including this defendant.

The risk that a jury will be unable to follow the court's instruction to ignore information depends on a number of factors including the strength of the proper evidence against the defendant, the nature of the information, and the manner in which the information was conveyed.

See Moore v. Morton, 255 F.3d 95, 119-20 (3d Cir.2001).  We do presume that juries follow their instructions. See, e.g., Richardson v. Marsh, 481 U.S. 200, 211 (1987); United States v. Bornman, 559 F.3d 150, 156 (3d Cir.2009). This rule "is a pragmatic one, rooted less in the absolute certitude that the presumption is true than in the belief that it represents a reasonable practical accommodation of the interests of the state and the defendant in the criminal justice process." Richardson, 481 U.S. at 211.

The Third Circuit outlined the factors to examine in in reviewing the district court's consideration of a mistrial motion after a jury receives improper, extraneous information in a criminal trial:

> We review a district court's order which denies a new trial based on alleged prejudicial information for abuse of discretion. . . . A new trial is warranted if the defendant likely suffered 'substantial prejudice' as a result of the jury's exposure to the extraneous information. . . . In examining for prejudice, we must conduct 'an objective analysis by considering the probable effect of the allegedly prejudicial information on a hypothetical average juror.' " . . . We look to see whether the allegedly prejudicial information influenced the jury "when it deliberated and delivered its verdict, as we are concerned with the information's effect on the verdict rather than the information in the abstract." . . . The party seeking the new trial bears the burden of demonstrating a likelihood of prejudice.

United States v. Urban, 404 F.3d 754, 777 (3d Cir. 2005) (citations omitted).  In determining that this defendant did not suffer prejudice by the blurted out statement of the witness, the Court properly considered that the evidence against this defendant.  The defendant was seen running from the speakeasy armed with a handgun, was arrested after a foot chase during which police officers never lost sight of him, the gun as well as two cell phones taken from victims were recovered from him, and the defendant made numerous statements of admission to the robbery in

his tape-recorded prison phone calls.  The brief testimony from the witness identifying one of the three defendants as a "killer" did not cause substantial prejudice to the defendant.  Cf. Taylor v. McKee, 2009 WL 1514371, *11 (E.D. Mich. May 29, 2009) (witness testimony that defendant was a killer "was not explored or repeated, and, thus, any error, if in fact an error occurred, had no or very slight effect on the jury's decision. Moreover, the trial court gave the jury a curative instruction.").  Accordingly, the defendant is not entitled to a new trial.

### III.     MOTION FOR ARREST OF JUDGMENT ALSO FAILS

The defendant's motion for arrest of judgment is based upon an allegation that the Court lacked jurisdiction to try this case.  This motion for arrest of judgment fails for all the same reasons that the motion for judgment of acquittal fails.

        Respectfully submitted,

        MICHAEL L. LEVY
        *United States Attorney*


        FRANCIS C. BARBIERI, JR.
        *Chief, Firearms Unit*
        *Assistant United States Attorney*


        ARLENE D. FISK
        *Assistant United States Attorney*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Government's Response to Post-Conviction Motions has been served this date by electronic filing and United States First Class Mail, postage prepaid upon:

        Bernard L. Siegel, Esquire
        Law Offices of Bernard L. Siegel
        1515 Market Street, Suite 1915
        Philadelphia, PA 19102
        *Counsel for Andrew White*

        _____
        ARLENE D. FISK
        *Assistant United States Attorney*

DATE: _____