**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | **No. 08-161-2** |
| **v.** | : | |
| | : | **CIVIL ACTION** |
| **ANDREW JEREL WHITE** | : | **No. 20-2361** |
| | : | |

**McHUGH, J.** **February 9, 2022**

**MEMORANDUM**

This case arises out of a robbery at a speakeasy. Petitioner Andrew Wright was convicted by a jury of both Hobbs Act conspiracy and Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), as well as use and carrying of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). His direct appeal was unsuccessful.

Mr. White now moves for collateral relief as to his conviction under § 924(c). The pending 2255 petition raises a single issue. Petitioner asserts that his 924(c) conviction is invalid in light of *United States v. Davis*, 139 S. Ct. 2319, 2328 (2019), which was decided after the Third Circuit rejected his direct appeal. In *Davis*, the Supreme Court invalidated the "residual clause" in the 924(c) definition and indicated that the categorical approach is to be used when deciding whether a conviction is a crime of violence under the elements clause. Its reasoning rejected the Third Circuit's approach in *United States v. Robinson,* 844 F.3d 137 (3d Cir. 2016) which also governed White's case on direct appeal. Following *Davis'* invalidation of the "residual" clause of § 924(c), for the "elements" clause to be applicable, the predicate offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." White argues that Hobbs Act

robbery does not meet this categorical test, suggesting that an offense under the Act may be committed without the use of force where, for example, the offender targets intangible property, or property not in the personal possession of the victim. He further argues that conspiracy does not suffice to satisfy §924(c), because conspiracy by its very nature does not have as an element the use or attempted use of force.

Ruling on the pending motion has been deferred in the expectation that the Third Circuit would render definitive guidance. The Court of Appeals has now done so. In ruling that attempted Hobbs Act robbery is a crime of violence, the Third Circuit concluded that a completed Hobbs Act robbery is categorically a crime of violence, as it has "necessarily has an element the use, attempted use, or threatened use of physical force against the person or property of another."[1] *United States v. Walker*, 990 F.3d 316, 325 (3d Cir. 2021).[2]

As to the argument that conspiracy is not a crime of violence, that is not a basis for granting relief on the record here. Mr. White was convicted of the substantive underlying offense of Hobbs Act robbery, which is a crime of violence that, standing alone, suffices to support his conviction under 924(c). *See United States v. Wilson,* 960 F.3d 136, 151 (3d Cir. 2020) (reasoning that because armed bank robbery is a crime of violence under 924(c), and the defendant was convicted of both the substantive crime and the crime of conspiracy, there

---

[1] Every court of appeals to consider the issue has held that Hobbs Act robbery is a crime of violence for the purposes of §924(c). *See United States v. Dominguez,* 954 F.3d 1251, 1261 (9th Cir. 2020); *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019); *United States v. Jones*, 919 F.3d 1064, 1072 (8th Cir. 2019); *United States v. Garcia-Ortiz*, 904 F.3d 102, 106-09 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-66 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 275-76 (5th Cir. 2017); *In re St. Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016).

[2] *See also United States v. Monroe v. Copes,* 837 Fed. Appx. 898, 900 ( 3d. Cir. 2021) (non-precedential) (holding that Hobbs Act robbery is categorically a crime of violence as the "fear of injury" required by the Hobbs Act "cannot occur without at least a threat of physical force sufficient to satisfy the elements clause for the 'crime of violence' definition.")

is no "reasonable probability" that the jury based its 924(c) convictions only on conspiracy, rendering any error in the conspiracy charge harmless.)

Mr. White's motion will be denied, and there is no basis on which to issue a certificate of appealability.

/s/ Gerald Austin McHugh
United States District Judge